B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT<br>**EASTERN DISTRICT OF MICHIGAN** | **VOLUNTARY PETITION** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Stanley, Steven** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Stanley, Faiha** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**dba Lyons Logistics** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):**0550** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): **4377, .** |
| Street Address of Debtor (No. and Street, City, and State):<br>**81811 Main St**<br>**Memphis, Michigan**<br>ZIP CODE **48041** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**81811 Main St**<br>**Memphis, Michigan**<br>ZIP CODE **48041** |
| County of Residence or of the Principal Place of Business:<br>**ST. CLAIR** | County of Residence or of the Principal Place of Business:<br>**ST. CLAIR** |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check one box.) | **Nature of Business**<br>(Check one box.) | **Chapter of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check one box.) |
|---|---|---|
| [x] Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>[ ] Corporation (includes LLC and LLP)<br>[ ] Partnership<br>[ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.) | [ ] Health Care Business<br>[ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>[ ] Railroad<br>[ ] Stockbroker<br>[ ] Commodity Broker<br>[ ] Clearing Bank<br>[ ] Other | [x] Chapter 7      [ ] Chapter 15 Petition for<br>[ ] Chapter 9          Recognition of a Foreign<br>[ ] Chapter 11        Main Proceeding<br>[ ] Chapter 12      [ ] Chapter 15 Petition for<br>[ ] Chapter 13        Recognition of a Foreign<br>                              Nonmain Proceeding |

| **Chapter 15 Debtors**<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br><br>[ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br><br>[x] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   [ ] Debts are primarily business debts. |
|---|---|---|

| **Filing Fee** (Check one box.) | **Chapter 11 Debtors** |
|---|---|
| [x] Full Filing Fee attached.<br><br>[ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>[ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>[ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>[ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>[ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>[ ] A plan is being filed with this petition.<br>[ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.<br>[x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| [x] 1-49 | [ ] 50-99 | [ ] 100-199 | [ ] 200-999 | [ ] 1,000-5,000 | [ ] 5,001-10,000 | [ ] 10,001-25,000 | [ ] 25,001-50,000 | [ ] 50,001-100,000 | [ ] Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| [ ] $0 to $50,000 | [x] $50,001 to $100,000 | [ ] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [x] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| **Voluntary Petition** <br> *(This page must be completed and filed in every case.)* | Name of Debtor(s): **Stanley, Steven  and Stanley, Faiha** |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location <br> Where Filed:   **NONE** | Case Number: | Date Filed: |
|---|---|---|
| Location <br> Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor:   **NONE** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

---

| **Exhibit A** <br><br> (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br><br> ☐   Exhibit A is attached and made a part of this petition. | **Exhibit B** <br> (To be completed if debtor is an individual <br> whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). <br><br> X     ___**/s/ Mark Van Epps**_____**June 18, 2015**_____ <br>     Signature of Attorney for Debtor(s)       (Date) <br>     **Bar No.: p33068** |
|---|---|

---

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☒   No.

---

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☒   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

---

**Information Regarding the Debtor - Venue** <br> (Check any applicable box.)

☒    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

---

**Certification by a Debtor Who Resides as a Tenant of Residential Property** <br> (Check all applicable boxes.)

☐    Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____

(Name of landlord that obtained judgment)

_____

(Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): **Stanley, Steven  and Stanley, Faiha** |
|---|---|
| *(This page must be completed and filed in every case.)* | |

**Signatures**

## Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Steve Stanley**
_____
Signature of Debtor                **Steven Stanley**

X **/s/ Faina Stanley**
_____
Signature of Joint Debtor   **Faiha Stanley**

_____
Telephone Number (if not represented by attorney)
**June 18, 2015**
_____
Date

## Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐   I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐   Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

## Signature of Attorney*

X **/s/ Mark Van Epps**
_____
Signature of Attorney for Debtor(s)
**Mark Van Epps**
_____
Printed Name of Attorney for Debtor(s)
**Van Epps & Van Epps**
_____
Firm Name

**318 N Water St**
**Owosso, Michigan 48867**
_____
Address
**(989) 723-6777**
_____
Telephone Number
**June 18, 2015**
_____
Date
**Bar No.: p33068**
**Fax: (989) 723-6779**
**E-mail: mvanepps@vanepppslaw.com**

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

## Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that:  (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)  (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

## Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

In re __Steven Stanley and Faiha Stanley__ ,
*Debtor*

Case No. **15-**_____

Chapter **7**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | | | $ 0.00 | | |
| B - Personal Property | | | $ 65,150.00 | | |
| C - Property Claimed as Exempt | | | | | |
| D - Creditors Holding Secured Claims | | | | $ 79,855.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | | | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | | | | $ 88,653.00 | |
| G - Executory Contracts and Unexpired Leases | | | | | |
| H - Codebtors | | | | | |
| I - Current Income of Individual Debtor(s) | | | | | $ 3,638.04 |
| J - Current Expenditures of Individual Debtors(s) | | | | | $ 3,608.00 |
| TOTAL | | 0 | $ 65,150.00 | $ 168,508.00 | |

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

In re **Steven Stanley and Faiha Stanley**_____,        Case No. **15-**_____
                    *Debtor*

                                                        Chapter **7**_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

      If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

      □ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $                 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $                 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $                 0.00 |
| Student Loan Obligations (from Schedule F) | $                 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or  Profit-Sharing, and Other Similar Obligations (from Schedule F) | $                 0.00 |
| TOTAL | $                 0.00 |

**State the following:**

| | |
|---|---|
| Average Income  (from Schedule I, Line 12) | $          3,638.04 |
| Average Expenses (from Schedule J, Line 22) | $          3,608.00 |
| Current Monthly Income (from Form 22A-1 Line 11; **OR**, Form 22B Line 14; **OR**, Form 22C-1 Line 14) | $          3,493.33 |

**State the following:**

| | | |
|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $          14,415.00 |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $                 0.00 | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $                 0.00 |
| 4.  Total from Schedule F | | $          88,653.00 |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $         103,068.00 |

**In re** <u>Steven Stanley and Faiha Stanley,</u>                    **Case No.**   <u>15-</u>
                    **Debtor**                                        **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | Husband, Wife, Joint, or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | | |
| | | Total ▶ | $0.00 | |

(Report also on Summary of Schedules.)

In re **Steven Stanley and Faiha Stanley,**  _____  Case No.   **15-**  _____

                      **Debtor**                                               **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | bank account at Chase<br>this is intangible, and therefore without a physical location | W | $500.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | household goods | J | $2,000.00 |
| **Notes:** the type of property in this category would include electronics (TV, etc), furniture (chairs, table, beds, dressers), lawn equipment, kitchenware and food stuffs,  bathroom items, and other. No item worth more than $450 | | | | |
| | | fairly new bedroom set (Nov 2014) | J | $3,000.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | CD DVD etc | J | $100.00 |
| 6. Wearing apparel. | | clothing | J | $300.00 |
| 7. Furs and jewelry. | | jewelry, watch | J | $100.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | hobby equipment | J | $100.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | term life insurance | H | $0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |

In re **Steven Stanley and Faiha Stanley,**          Case No.   **15-**_____
                          **Debtor**                                                               **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | income tax refund for last calendar year not expected - expected to owe | J | $0.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | pro rata tax refund for current calendar year | J | $50.00 |

In re **Steven Stanley and Faiha Stanley,**_____     Case No.   **15-**_____
_____**Debtor**                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
|  |  | insurance was misquoted causing business interuption | H | $6,000.00 |
| **Notes:** 6 months gross income would be about $6000 | | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X |  |  |  |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X |  |  |  |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X |  |  |  |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. |  | 2013 Toyota Camry on the road | W | $17,000.00 |
|  |  | 2010 Lincoln Town | H | $10,000.00 |
|  |  | 2012 Mercedes | H | $20,000.00 |
|  |  | 2002 (2014) Ford assembled F-350 | H | $4,000.00 |
| **Notes:** business truck | | | | |
|  |  | car trailer | H | $2,000.00 |
| 26. Boats, motors, and accessories. | X |  |  |  |
| 27. Aircraft and accessories. | X |  |  |  |
| 28. Office equipment, furnishings, and supplies. | X |  |  |  |

In re <u>Steven Stanley and Faiha Stanley,</u>                      Case No.    <u>15-</u>
**Debtor**                                                                **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | pet(s) | J | $0.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

<u>3</u> continuation sheets attached     Total ▶                     $65,150.00
(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

In re  **Steven Stanley,** _____     Case No.  **15-** _____
                    **Debtor**                                                          **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:       ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                                $155,675.*
☒ 11 U.S.C. § 522(b)(2)
☐ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| household goods | 11 USC § 522(d)(3) | $1,000.00 | $2,000.00 |
| CD DVD etc | 11 USC § 522(d)(3) | $50.00 | $100.00 |
| clothing | 11 USC § 522(d)(3) | $150.00 | $300.00 |
| jewelry, watch | 11 USC § 522(d)(4) | $50.00 | $100.00 |
| hobby equipment | 11 USC § 522(d)(3) | $50.00 | $100.00 |
| term life insurance | 11 USC § 522(d)(7) | $0.00 | $0.00 |
| income tax refund for last calendar year not expected - expected to owe | 11 USC § 522(d)(5) | $0.00 | $0.00 |
| pro rata tax refund for current calendar year | 11 USC § 522(d)(5) | $25.00 | $50.00 |
| pet(s) | 11 USC § 522(d)(3) | $0.00 | $0.00 |
| 2010 Lincoln Town | 11 USC § 522(d)(5) | $0.00 | $10,000.00 |
| 2012 Mercedes | 11 USC § 522(d)(5) | $0.00 | $20,000.00 |
| 2002 (2014) Ford assembled F-350 | 11 USC § 522(d)(2) | $3,675.00 | $4,000.00 |
|  | 11 USC §522(d)(6) | $325.00 |  |
| car trailer | 11 USC § 522(d)(5) | $400.00 | $2,000.00 |
| insurance was misquoted causing business interuption | 11 USC § 522(d)(5) | $6,000.00 | $6,000.00 |
| fairly new bedroom set (Nov 2014) | 11 USC § 522(d)(3) | $1,500.00 | $3,000.00 |

_* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

In re  **Steven Stanley,**                                                        Case No.  **15-**
                    **Joint Debtor**                                                        **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:        ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                              $155,675.*
☐ 11 U.S.C. § 522(b)(2)
☐ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| bank account at Chase | 11 USC § 522(d)(5) | $500.00 | $500.00 |
| household goods | 11 USC § 522(d)(3) | $1,000.00 | $2,000.00 |
| CD DVD etc | 11 USC § 522(d)(3) | $50.00 | $100.00 |
| clothing | 11 USC § 522(d)(3) | $150.00 | $300.00 |
| jewelry, watch | 11 USC § 522(d)(4) | $50.00 | $100.00 |
| hobby equipment | 11 USC § 522(d)(3) | $50.00 | $100.00 |
| income tax refund for last calendar year not expected - expected to owe | 11 USC § 522(d)(5) | $0.00 | $0.00 |
| 2013 Toyota Camry | 11 USC § 522(d)(5) | $0.00 | $17,000.00 |
| pro rata tax refund for current calendar year | 11 USC § 522(d)(5) | $25.00 | $50.00 |
| pet(s) | 11 USC § 522(d)(3) | $0.00 | $0.00 |
| fairly new bedroom set (Nov 2014) | 11 USC § 522(d)(3) | $1,500.00 | $3,000.00 |

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

In re **Steven Stanley and Faiha Stanley** _____ , Case No. **15-** _____

**Debtor**           **(If known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **8330** <br>**Case CU** <br>**PO 22158** <br>**Lansing, MI 48910** | | **H** | **5/30/14** <br>**Nonpossessory, Nonpurchase-Money Security Interest** <br><br>**car trailer** <br><br>VALUE $    **$2,000.00** | | | | **$1,435.00** | |
| ACCOUNT NO. **0597** <br>**Credit Union One** <br>**400 E nine Mile Rd** <br>**Ferndale, MI 48220** | | **H** | **1/10/2015** <br>**Nonpossessory, Nonpurchase-Money Security Interest** <br><br>**2010 Lincoln Town** <br>VALUE $    **$10,000.00** | | | | **$14,354.00** | **$4,354.00** |
| ACCOUNT NO. **SSN** <br>**Department of Treasury** <br>**PO 30199** <br>**Lansing, MI 48909** | | **W** | **filed 2/26/2010** <br>**State Tax Lien** <br><br>**all property of wife** <br><br>VALUE $    **Fair Market** | | | **X** | **$17,005.00** | **Unknown** |

Notes: debtor thinks this should have been released

Additional Contacts for Department of Treasury (SSN):

    **Oakland County Register of Deeds** <br>    **1200 N Telegraph Rd** <br>    **Pontiac, MI 48341**

| | | |
|---|---|---|
| __1__ continuation sheets attached | Subtotal ▶ <br>(Total of this page) | $     **32,794.00**    $     **4,354.00** |
| | Total ▶ <br>(Use only on last page) | $          $ |
| | | (Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

In re **Steven Stanley and Faiha Stanley** , Case No. **15-**
_____Debtor_____ **(if known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 9898 **Santander PO 105255 Atlanta, GA 30348-5255** | | H | 11/16/2012 **Nonpossessory, Nonpurchase-Money Security Interest** **2012 Mercedes** VALUE $ 20,000.00 | | | | $29,991.00 | $9,991.00 |
| ACCOUNT NO. 6467 **Toyota Motor Credit 5005 N River Blvd NE Cedar Rapids, OA 52411-6634** | | J | 5/13/13 **Nonpossessory, Nonpurchase-Money Security Interest** **2013 Toyota Camry** VALUE $ 17,000.00 | | | | $17,070.00 | $70.00 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Sheet no. **1** of **1** continuation sheets attached to Schedule of Creditors Holding Secured Claims

| | | |
|---|---|---|
| Subtotal (s)▶ (Total(s) of this page) | $ 47,061.00 | $ 10,061.00 |
| Total(s) ▶ (Use only on last page) | $ 79,855.00 | $ 14,415.00 |

(Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

**In re** <u>Steven Stanley and Faiha Stanley</u>,      Case No. <u>15-</u>
                         Debtor                                   *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☒ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**2** continuation sheets attached.

In re **Steven Stanley and Faiha Stanley** ,          Case No. **15-**_____
                        **Debtor**                                                    **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

### Taxes and Certain Other Debts Owed to Governmental Units Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. ____ **SSN** ____<br><br>**Department of Treasury PO 30199 Lansing, MI 48909** | | J | **2014**<br><br>**State Taxes** | | X | | **$0.00** | **$0.00** | **$0.00** |
| **Additional Contacts for Department of Treasury (SSN):**<br><br>**Attorney General re taxes PO 30212 Lansing, MI 48909** | | | | | | | | | |
| Account No. ____ **SSN** ____<br><br>**Internal Revenue Service SBSE/Insolvency Unit, PO 330500 Stop 15 Detroit, MI 48232** | | J | **2014**<br><br>**Federal Taxes** | | X | | **$0.00** | **$0.00** | **$0.00** |

Sheet no. **1** of **2** continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotals➤ (Totals of this page) | $ **0.00** | $ **0.00**   **$0.00** |
| Total➤ (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ | |
| Totals➤ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $          $ |

In re  **Steven Stanley and Faiha Stanley**                        ,          Case No.  **15-**_____
              **Debtor**                                                                                    **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

### Taxes and Certain Other Debts Owed to Governmental Units Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Additional Contacts for Internal Revenue Service (SSN): | | | | | | | | | |
| **US Attorney**<br>**re taxes**<br>**211 W Fort St 2300**<br>**Detroit, MI 48429** | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

Sheet no. __2__ of __2__ continuation  sheets attached to Schedule of Creditors Holding Priority Claims

| | | | |
|---|---|---|---|
| Subtotals►<br>(Totals of this page) | $   **0.00** | $   **0.00** | **$0.00** |
| Total►<br>(Use only on last page of the completed Schedule E.  Report also on the Summary of Schedules.) | $   **0.00** | | |
| Totals►<br>(Use only on last page of the completed Schedule E.  If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $   **0.00** | $   **0.00** |

In re **Steven Stanley and Faiha Stanley**_____, Case No. **15-**_____
                          Debtor                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *See instructions above.* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** 2733 <br><br> **American Express** <br> **PO 981537** <br> **El Paso, TX 79998** | | W | **2015** <br><br> **Credit Card Charges** | | | | **$800.00** |
| **ACCOUNT NO.** 0936 <br><br> **Bank of America** <br> **PO 982238** <br> **El Paso, TX 79998-2238** | | H | **2015** <br><br> **Credit Card Charges** | | | | **$114.00** |
| **ACCOUNT NO.** 6708 <br><br> **Capital One Bank** <br> **PO 60024** <br> **City of Industry, CA 91716** | | H | **2015** <br><br> **business credit card** | | | | **$4,210.00** |
| **ACCOUNT NO.** 6409 <br><br> **Chase Bank** <br> **800 Brooksedge Blvd** <br> **Westerville, OH 43081** | | W | **2015** <br><br> **Credit Card Charges** | | | | **$797.00** |

|  |  |
|---|---|
| Subtotal▶ | $ **5,921.00** |
| Total▶ | $ |

**3** continuation sheets attached

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

In re **Steven Stanley and Faiha Stanley** ,          Case No. **15-**
                    **Debtor**                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** 2121 <br><br> **Comenity Bank (Meijer Inc)** <br> **PO 182789** <br> **Columbus, OH 43218** | | H | **2015** <br> **Credit Card Charges** | | | | **$253.00** |
| **ACCOUNT NO.** 3879 <br><br> **First Resolution Investment (Unifund)** <br> **10625 Techwoods Circle** <br> **Cincinnati, OH 45242** | | W | **2009** <br> **lawsuit allegedly paid, but still on credit report** | | | X | **$14,514.00** |
| Additional Contacts for First Resolution Investment (Unifund) (3879): <br><br> **52-4 District Court** <br> **file no** <br> **520 W Big Beaver Rd** <br> **Troy, MI 48084** | | | | | | | |
| **ACCOUNT NO.** 0912 <br><br> **Huntington National Bank** <br> **PO 89424** <br> **Cleveland, OH 44101** | | J | **2/2003** <br> **lawsuit** | | | | **$56,000.00** |
| **Notes: 03C00912GC01** | | | | | | | |

Sheet no. __1__ of __3__ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal➤ | $ | **70,767.00**

Total➤ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

In re <u>Steven Stanley and Faiha Stanley</u>,     Case No. <u>15-</u>

                  **Debtor**                                                       **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Additional Contacts for Huntington National Bank (0912):** <br><br> **Weltman Weinberg & Reis CO** <br> **2155 Butterfiled Dr Ste 200-S** <br> **Troy, MI 48084** <br><br> **52-4 District Court** <br> **file no 03C00912GC01** <br> **520 W Big Beaver Rd** <br> **Troy, MI 48084** | | | | | | | |
| **ACCOUNT NO.    0514** <br><br> **LJ Ross Assiciates** <br> **PO 6099** <br> **Jackson, MI 49204-6099** | | **H** | **2011** <br><br> **collection Consumer Energy** | | | **X** | **$304.00** |
| **ACCOUNT NO.    0668** <br><br> **Synchony Bank (Art Van)** <br> **PO 985036** <br> **Orlando, FL 32896-5036** | | **W** | **2014** <br><br> **Credit Card Charges** | | | | **$3,904.00** |
| **ACCOUNT NO.    2272** <br><br> **Synchrony Bank (Pay Pal)** <br> **PO 965005** <br> **Orlando, FL 32896-5005** | | **H** | **2015** <br><br> **business credit card** | | | | **$3,592.00** |

Sheet no. __2__ of __3__ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

                                    Subtotal►   $       **7,800.00**

Total►   $

(Use only on last page of the completed Schedule F.) <br> (Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

In re **Steven Stanley and Faiha Stanley** ,          Case No. **15-**
          **Debtor**                                          **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    6805 <br><br>**Synchrony Bank (Wal Mart)** <br>**PO 965024** <br>**Orlando, FL 32896-5024** | | H | **2015** <br>**Credit Card Charges** | | | | $4,165.00 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Sheet no. **3** of **3** continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $  **4,165.00**

Total▶  $  **88,653.00**
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re  <u>Steven Stanley and Faiha Stanley,</u>                    Case No. <u>15-</u>
                              **Debtor**                                              **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | Description: residential lease<br><br>Nature of Debtor's Interest: lesee |

In re **Steven Stanley and Faiha Stanley,**                              Case No.  **15-**
_____                    _____
                                **Debtor**                                                         **(if known)**

# SCHEDULE H - CODEBTORS

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

| | | | |
|---|---|---|---|
| Debtor 1 | **Steven Stanley** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Faiha Stanley** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for: **Eastern District of Michigan**

Case number **15-**
(If known)

Check if this is:

☐ An amended filing
☐ A supplement showing post-petition
chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form B 6I

# Schedule I: Your Income

12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

---

### Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ☐ Employed <br> ☒ Not employed | ☒ Employed <br> ☐ Not employed |
| Occupation | | **manager** |
| Employer's name | | **Stylin Enterprises** |
| Employer's address | | **33030 29 Mile Rd** |
| | Number   Street | Number   Street |
| | | **Lenox, MI 48048** |
| | City       State   ZIP Code | City       State   ZIP Code |
| How long employed there? | _____ | **2 years** |

---

### Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $_____ | $ **3,293.33** |
| 3. | **Estimate and list monthly overtime pay.** | 3. +$_____ | +$ **0.00** |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. $ **0.00** | $ **3,293.33** |

|  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here ....................................................... → 4. | | $ 0.00 | $ 3,293.33 |

5. **List all payroll deductions:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $_____ | $ 655.29 |
| 5b. | Mandatory contributions for retirement plans | 5b. | $_____ | $ 0.00 |
| 5c. | Voluntary contributions for retirement plans | 5c. | $_____ | $ 0.00 |
| 5d. | Required repayments of retirement fund loans | 5d. | $_____ | $ 0.00 |
| 5e. | Insurance | 5e. | $_____ | $ 0.00 |
| 5f. | Domestic support obligations | 5f. | $_____ | $ 0.00 |
| 5g. | Union dues | 5g. | $_____ | $ 0.00 |
| 5h. | Other deductions. Specify: _____ | 5h. | + $_____ | + $ 0.00 |
| 6. | **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h. | 6. | $ 0.00 | $ 655.29 |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 0.00 | $ 2,638.04 |

8. **List all other income regularly received:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession, or farm** <br> Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 1,000.00 | $ 0.00 |
| 8b. | **Interest and dividends** | 8b. | $ 0.00 | $ 0.00 |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** <br> Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. | **Unemployment compensation** | 8d. | $ 0.00 | $ 0.00 |
| 8e. | **Social Security** | 8e. | $ 0.00 | $ 0.00 |
| 8f. | **Other government assistance that you regularly receive** <br> Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. <br> Specify: _____ | 8f. | $_____ | $_____ |
| 8g. | **Pension or retirement income** | 8g. | $ 0.00 | $ 0.00 |
| 8h. | **Other monthly income. Specify:** _____ | 8h. | + $_____ | + $_____ |
| 9. | **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $ 1,000.00 | $ 0.00 |
| 10. | **Calculate monthly income.** Add line 7 + line 9. <br> Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 1,000.00 + | $ 2,638.04 = | $ 3,638.04 |

11. **State all other regular contributions to the expenses that you list in *Schedule J.***

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: __n/a_____    11. + $ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data,* if it applies    12.    $ 3,638.04

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

☐ No.

☒ Yes. Explain: __H not working but expects to start now that insurance has been obtained._____

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Steven Stanley** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | **Faiha Stanley** |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for: | **Eastern District of Michigan** |
| Case number (If known) | **15-** |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:

___ MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

Official Form B 6J

# Schedule J: Your Expenses

12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Your Household

1. **Is this a joint case?**

   ☐ No.  Go to line 2.

   ☒ Yes. **Does Debtor 2 live in a separate household?**

   ☒ No

   ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   ☒ No

   ☐ Yes. Fill out this information for each dependent..........................

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☒ No

   ☐ Yes

## Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form B 6I).

| | | Your expenses |
|---|---|---|
| 4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. | $ **400.00** |
| If not included in line 4: | | |
| 4a.  Real estate taxes | 4a. | $ **0.00** |
| 4b.  Property, homeowner's, or renter's insurance | 4b. | $ **0.00** |
| 4c.  Home maintenance, repair, and upkeep expenses | 4c. | $ **40.00** |
| 4d.  Homeowner's association or condominium dues | 4d. | $ **0.00** |

|  | | Your expenses |
|---|---|---|

5. **Additional mortgage payments for your residence**, such as home equity loans    5.    $ **0.00**

6. **Utilities:**

    6a.  Electricity, heat, natural gas    6a.    $ **300.00**

    6b.  Water, sewer, garbage collection    6b.    $ **70.00**

    6c.  Telephone, cell phone, Internet, satellite, and cable services    6c.    $ **100.00**

    6d.  Other. Specify: **cable**    6d.    $ **150.00**

7. **Food and housekeeping supplies**    7.    $ **600.00**

8. **Childcare and children's education costs**    8.    $ **0.00**

9. **Clothing, laundry, and dry cleaning**    9.    $ **50.00**

10. **Personal care products and services**    10.    $ **50.00**

11. **Medical and dental expenses**    11.    $ **50.00**

12. **Transportation.** Include gas, maintenance, bus or train fare.
Do not include car payments.    12.    $ **100.00**

13. **Entertainment, clubs, recreation, newspapers, magazines, and books**    13.    $ **100.00**

14. **Charitable contributions and religious donations**    14.    $ **0.00**

15. **Insurance.**
Do not include insurance deducted from your pay or included in lines 4 or 20.

    15a.  Life insurance    15a.    $ **400.00**

    15b.  Health insurance    15b.    $ **125.00**

    15c.  Vehicle insurance    15c.    $ **400.00**

    15d.  Other insurance. Specify:_____    15d.    $ **0.00**

16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
Specify: **2014 income**    16.    $ **0.00**

17. **Installment or lease payments:**

    17a.  Car payments for Vehicle 1    17a.    $ **201.00**

    17b.  Car payments for Vehicle 2    17b.    $ **0.00**

    17c.  Other. Specify: **case CU**    17c.    $ **62.00**

    17d.  Other. Specify:_____    17d.    $_____

18. **Your payments of alimony, maintenance, and support that you did not report as deducted
from your pay on line 5, *Schedule I, Your Income* (Official Form B 6I).**    18.    $ **0.00**

19. **Other payments you make to support others who do not live with you.**
Specify: **n/a**    19.    $ **0.00**

20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.***

    20a.  Mortgages on other property    20a.    $ **0.00**

    20b.  Real estate taxes    20b.    $ **0.00**

    20c.  Property, homeowner's, or renter's insurance    20c.    $ **0.00**

    20d.  Maintenance, repair, and upkeep expenses    20d.    $ **0.00**

    20e.  Homeowner's association or condominium dues    20e.    $ **0.00**

| 21. | **Other**. Specify: <u>See Attachment 1</u> | 21. | +$ <u>410.00</u> |
|---|---|---|---|

22. **Your monthly expenses.** Add lines 4 through 21.
The result is your monthly expenses.

| | | 22. | $ <u>3,608.00</u> |
|---|---|---|---|

23. **Calculate your monthly net income.**

23a. Copy line 12 (*your combined monthly income*) from *Schedule I.*

| | | 23a. | $ <u>3,638.04</u> |
|---|---|---|---|

23b. Copy your monthly expenses from line 22 above.

| | | 23b. | – $ <u>3,608.00</u> |
|---|---|---|---|

23c. Subtract your monthly expenses from your monthly income.
The result is your *monthly net income.*

| | | 23c. | $ <u>30.04</u> |
|---|---|---|---|

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☐ No.

☒ Yes.

Explain here:
**Would like to negotiate better terms on the Mercedes business VAN and then if income improved, could afford that as well**

# Addendum

**Attachment 1**

    **Description: misl**
    **Amount: 10.00**

    **Description: expected buisness expenses**
    **Amount: 400.00**

In re **Steven Stanley and Faiha Stanley** _____ , Case No. **15-** _____
                     **Debtor**                                              **(if known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __26__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **June 18, 2015** _____     Signature: **/s/ Steve Stanley** _____
                                                        **Steven Stanley** Debtor

Date **June 18, 2015** _____     Signature: **/s/ Faina Stanley** _____
                                                        **Faiha Stanley** (Joint Debtor, if any)

[If joint case, both spouses must sign.]

------------------------------------------------------------------------------------------------

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____     _____
Printed or Typed Name and Title, if any,                 Social Security No.
of Bankruptcy Petition Preparer                          *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____        _____
  Signature of Bankruptcy Petition Preparer                      Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---------------------------------------------------------------------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____

                              Signature: _____

                                         _____
                                         [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

---------------------------------------------------------------------------------------------------------------------------------
*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

```
52-4 District Court              52-4 District Court              American Express
file no                          file no 03C00912GC01             PO 981537
520 W Big Beaver Rd              520 W Big Beaver Rd              El Paso, TX 79998
Troy, MI 48084                   Troy, MI 48084


Attorney General                 Bank of America                 Capital One Bank
re taxes                         PO 982238                        PO 60024
PO 30212                         El Paso, TX 79998-2238          City of Industry, CA 91716
Lansing, MI 48909


Case CU                          Chase Bank                      Comenity Bank (Meijer Inc)
PO 22158                         800 Brooksedge Blvd             PO 182789
Lansing, MI 48910               Westerville, OH 43081           Columbus, OH 43218


Credit Union One                 Department of Treasury          First Resolution Investment
400 E nine Mile Rd              PO 30199                         (Unifun
Ferndale, MI 48220              Lansing, MI 48909               10625 Techwoods Circle
                                                                 Cincinnati, OH 45242


Huntington National Bank         Internal Revenue Service        LJ Ross Assiciates
PO 89424                         SBSE/Insolvency Unit, PO        PO 6099
Cleveland, OH 44101             330500 Sto                       Jackson, MI 49204-6099
                                 Detroit, MI 48232


Oakland County Register of       Santander                       Synchony Bank (Art Van)
Deeds                            PO 105255                        PO 985036
1200 N Telegraph Rd             Atlanta, GA 30348-5255          Orlando, FL 32896-5036
Pontiac, MI 48341


Synchrony Bank (Pay Pal)         Synchrony Bank (Wal Mart)       Toyota Motor Credit
PO 965005                        PO 965024                        5005 N River Blvd NE
Orlando, FL 32896-5005          Orlando, FL 32896-5024          Cedar Rapids, OA 52411-6634


US Attorney                      Weltman Weinberg & Reis CO
re taxes                         2155 Butterfiled Dr Ste
211 W Fort St 2300              200-S
Detroit, MI 48429               Troy, MI 48084
```

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF MICHIGAN

In re: Steven Stanley and Faiha Stanley          Case No  15-
_____                      _____
                    Debtor                                              (if known)

## STATEMENT OF FINANCIAL AFFAIRS

**1.  Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|              | AMOUNT | SOURCE |
|--------------|--------|--------|
| Debtor:      |        |        |
|              | N/A    |        |
| Joint Debtor: |       |        |
| Current Year (2015): | $11,000.00 | wages |
| Previous Year 1 (2014): | $24,000.00 | wages |
| Previous Year 2 (2013): | $24,000.00 | wages |

**2.  Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|              | AMOUNT | SOURCE |
|--------------|--------|--------|
| Debtor:      |        |        |
| Current Year (2015): | $0.00 | business |
| Previous Year 1 (2014): | $11,000.00 | business |

Previous Year 2 (2013):
$30,000.00                                    business


Joint Debtor:
    N/A

---

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None
☐

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Debtor:<br>Santander<br>PO 105255<br>Atlanta, Georgia 30348-5255 | March $1560, April $780, May $0 car payments | $1,440.00 | $29,991.00 |
| Synchrony Bank (Wal Mart)<br>PO 965024<br>Orlando, Florida 32896-5024 | March $500; April $285; May $150 | $935.00 | $4,185.00 |
| Toyota Motor Credit<br>5005 N River Blvd NE<br>Cedar Rapids, OA 52411-6634 | March, April May at $474 per month car payment | $1,426.00 | $17,070.00 |

Joint Debtor:
N/A

None
☒

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made* within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

---

* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None ☒
c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐
a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Debtor: Huntington v H Case Number: 03C00912GC01 | collection | District Troy | garnishment |
| Joint Debtor: First Resolutiong v W Case Number: 8C03879GC | collection | District Troy | pending |

None ☒
b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5. Repossessions, foreclosures and returns**

None ☒
List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**6. Assignments and receiverships**

None ☒ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☒ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None ☒ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ☒ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Debtor:<br>Van Epps & Van Epps<br>318 N Water St<br>Owosso, MI 48867 | 6/17/15 | $800.00<br>attorney fees and costs |
| access counseling<br>web<br>web, web web | 1/1/15 | $9.00<br>counseling fees |
| Joint Debtor:<br>N/A | | |

---

**10. Other transfers**

None ☒

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☒

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11. Closed financial accounts**

None ☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None
☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None
☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None
☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None
☐

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| Debtor:<br>337 Lyons<br>Troy, MI 48083 | same | 20+ years |
| Joint Debtor:<br>N/A | | |

**16. Spouses and Former Spouses**

None
☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

    NAME

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites. "

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☒

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☒

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses,

☐ and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Debtor: dba Lyons Logistics | SSN/ SSN | home address Memphis, MI 48048 | expediting | Beginning Date: 2012 Ending Date: n/a |
| Joint Debtor: N/A | | | | |

None
☒   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                        ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None
☒   a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                        DATES SERVICES RENDERED

Debtor:
N/A

Joint Debtor:

N/A

None ☒    b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|---------|-------------------------|

Debtor:
N/A

Joint Debtor:
N/A

None ☒    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|---------|

Debtor:
N/A

Joint Debtor:
N/A

None ☒    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------------------|-------------|

Debtor:
N/A

Joint Debtor:
N/A

---

**20. Inventories**

None ☒    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|-------------------|----------------------|------------------------------------------------------------------|

Debtor:
N/A

Joint Debtor:
N/A

None ☒    b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

NAME AND ADDRESSES
OF CUSTODIAN

DATE OF INVENTORY        OF INVENTORY RECORDS

Debtor:
N/A

N/A

---

**21. Current Partners, Officers, Directors and Shareholders**

None
☒

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|
| N/A | | |

None
☒

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| N/A | | |

---

**22. Former partners, officers, directors and shareholders**

None
☒

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|
| N/A | | |

None
☒

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| N/A | | |

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None
☒

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| N/A | | |

**24. Tax Consolidation Group.**

None
☒

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION             TAXPAYER-IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None
☒

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND              TAXPAYER-IDENTIFICATION NUMBER (EIN)

\* \* \* \* \* \*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

| | | |
|---|---|---|
| Date June 18, 2015 | Signature of Debtor | /s/ Steve Stanley |
| Date June 18, 2015 | Signature of Joint Debtor (if any) | /s/ Faina Stanley |

0 continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

In re: **Steven Stanley and Faiha Stanley**

Case No. **15-** _____

Chapter **7** _____

Hon. _____

_____/
Debtor(s).

## STATEMENT OF ATTORNEY FOR DEBTOR(S)
## PURSUANT TO F.R. BANKR. P. 2016(b)

The undersigned, pursuant to F.R. Bankr. P. 2016(b), states that:

1. The undersigned is the attorney for the Debtor(s) in this case.

2. The compensation paid or agreed to be paid by the Debtor(s) to the undersigned is: [Check one]

    [ x ]   **FLAT FEE**

    A.  For legal services rendered in contemplation of and in connection with this case, exclusive of the filing fee paid. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **1,061.00** _____

    B.  Prior to filing this statement, received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **465.00** _____

    C.  The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **596.00** _____

    [ x ]   **RETAINER**

    A.  Amount of retainer received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **0.00** _____

    B.  The undersigned shall bill against the retainer at an hourly rate of $ **275.00** _____ . [Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer.

3. $ **335.00** _____ of the filing fee has been paid.

4. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including: [Cross out any that do not apply.]

    A.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    B.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    C.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    D.  ~~Representation of the debtor in adversary proceedings and other contested bankruptcy~~ matters;
    E.  Reaffirmations;
    F.  ~~Redem~~ptions;
    G.  Other:_____

5. By agreement with the debtor(s), the above-disclosed fee does not include the following services:
  **See Attachment 1**

6. The source of payments to the undersigned was from:

    A.  **X**   Debtor(s)' earnings, wages, compensation for services performed

    B.  ____   Other (describe, including the identity of payor) _____

7. The undersigned has not shared or agreed to share, with any other person, other than with members of the undersigned's law firm or corporation, any compensation paid or to be paid except as follows: **n/a**

Dated: **June 18, 2015** _____

    **/s/ Mark Van Epps** _____
    Attorney for the Debtor(s)
    **Name: Mark Van Epps**
    **Bar No.: p33068**
Agreed: **/s/ Steve Stanley** _____
    **Address: 318 N Water St**
    Debtor
    **Owosso, Michigan 48867**
    **Phone: (989) 723-6777**
    **/s/ Faina Stanley** _____
    **Email: mvanepps@vaneppslaw.com**
    Debtor

# Attachment

Attachment 1

In a chapter 13, the total charge for attorney fees and costs up to and including confirmation hearing may exceed the flat fee stated in 2.A. If the total fees and costs expended on your behalf exceed the flat fee stated in A, then an application for attorney fees may be filed with the court and, if so, you will be provided with notice and the opportunity to review the fees and object. Circumstances which cal lead to attorney electing to file a fee application include, but are not limited to, missed or additional hearings, objections to proofs of claims, objections to plan, and motions for relief from stay.

The flat rate does not include any work performed on your behalf in a chapte 13 post confirmation. Work performed on your hbehalf after the confirmation of your case will be billed at hourly rate and an application for attorney fees and costs may be filed with the court .

In the event of early termination of a case via dismissal, conversion or otherwiase, an application for attorney fees may be filed.

In a chapter 7, representation of debtor in any dischargeability actions, judicial ien avoidances, relief from stay actions or any other adversary proceeding are not part of the flat fee.

In a Chapter 7 or 13, representation of the debtor at section 2004 examinations, will incur an hourly rate. All worked performed in a chapter 13 in which the attorney opts, at his discretion, to bill at an hourly rate, or when said case was dismissed pre-confirmation or any work performed post confirmation. Debtor agrees to reimburse all costs for postage, copying and filing fees. Debtor agrees to cooperate with requests of trustee for production of documents and has been advised that failure to comply with trustee requests may result in the dismissal of the case. Attorney, at his sole discretion, may chose to bill this case on an hourly rate as opposed to the flat rate. For all time spent in the case by any special counsel for special appearances will be billed at hourly rate or actual rate, in attorney's sole discretion. For all time entries attorney will bill a minimum of .1 hours. Recovery of preferences also not included in flat fee, but shall be billed additionally.

Attorney may increase hourly rate in the future, but agrees to limit any increase to an amount less than the filing fee in effect from time to time (presently $281 in a chatper 13 and $306 in a chapter 7).

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

In re  Steven Stanley and Faiha Stanley                    Case No.   15-
          Debtor                                                      Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A –** Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:** <br> Case CU | **Describe Property Securing Debt**: <br> car trailer |

Property will be *(check one)*:
    ☐ Surrendered        ☒ Retained

If retaining the property, I intend to *(check at least one)*:
    ☐ Redeem the property
    ☒ Reaffirm the debt
    ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
    ☐ Claimed as exempt    ☒ Not claimed as exempt

| Property No. 2 | |
|---|---|
| **Creditor's Name:** <br> Credit Union One | **Describe Property Securing Debt**: <br> 2010 Lincoln Town |

Property will be *(check one)*:
    ☐ Surrendered        ☒ Retained

If retaining the property, I intend to *(check at least one)*:
    ☐ Redeem the property
    ☒ Reaffirm the debt
    ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
    ☐ Claimed as exempt    ☒ Not claimed as exempt

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>Santander | **Describe Property Securing Debt**:<br>2012 Mercedes |

Property will be *(check one)*:
⊠ Surrendered          ☐ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt          ⊠ Not claimed as exempt

| Property No. 4 | |
|---|---|
| **Creditor's Name:**<br>Toyota Motor Credit | **Describe Property Securing Debt**:<br>2013 Toyota Camry |

Property will be *(check one)*:
⊠ Surrendered          ☐ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt          ⊠ Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>None | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES          ☐ NO |

B 8 (Official Form 8) (12/08)                                                                                Page 3

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: June 18, 2015 _____          /s/ Steve Stanley _____
                                              Signature of Debtor


                                              /s/ Faina Stanley _____
                                              Signature of Joint Debtor